### KALEHUA vs. KAMAKA et al.

A PERSON WHOSE RELATIONSHIP to the intestate is that of great
uncle cannot inherit under our statute of descent—following
Makea v. Nalua, October, 1879.

The rule of *stare decisis* does not authorize the Court in this case to
reverse Makea v. Nalua, but this is a matter for legislative action.

Opinion of the Court by AUSTIN, J.

The question in this case is whether the plaintiff who
claimed an estate by a title derived from a great uncle of
Nakila, the intestate could recover in ejectment.

The law involved in this question was decided against the
plaintiff at the October Term, 1879, by a divided Court,
Justices HARRIS and McCULLY concurring in the decision and
Justice JUDD dissenting.

On thoroughly considering the brief of the plaintiff's counsel
and the opinions of the Court in the case referred to, we find
no important view presented, which was not treated of in
those opinions. The decision was a deliberate and careful
one, and has stood now for nearly three years.

We have re-examined the law in relation to the rules *res ad-
judicata* and *stare decisis*, and are of the opinion that, in the
light of those rules, we ought not to set aside and reverse that
decision.

In the case of Towle *vs.* Forney, 14 N. Y. R., 523–5, Judge
Denio writes as follows :

"The cases are extremely rare in which the determination

of the highest Appellate Court can be properly departed from, when the same legal question again arises before a Court of the same government."

"If it shall be thought that an erroneous rule has been established by the adjudication relied on as a precedent, it is better that it should be changed by the Legislature by an Act which cannot retrospect, than that the Courts should overturn what they have themselves established, and thus disappoint all who have acted upon the rule which had been considered settled." See also Barnes *vs.* Ontario Bank, 19 N. Y. R., pp. 152, 165–6, Oakley *vs.* Aspinwall, 13 N. Y. R., pp. 500–5–6 7–8. In Mackie *vs.* Cairus (in the Court of Errors) New York, 5 Cow., 547, 568, Colden, Senator, used the following language :

"If the law as settled by this Court be inconvenient or wrong it must be for the Legislature to change it. They can do it without disturbing dispositions of property which may have been made in accordance with the judgment of this Court, whereas a judgment here in opposition to former decisions of this tribunal, unsettles all that may have been done pursuant to what the community had a right to consider as the established law."

See also Van Winkle *vs.* Constantive, 10 N. Y. R., 422–6. N. Y. Firemen Insurance Company *vs.* De Wolf, 2 Cow., 56, 66, 70, McVay *vs.* Ijams, 27 Ala., 238, cited U. S. D., vol. 16, 1856, p. 171.

We are of the opinion that this is such a case as those referred to in the language quoted, and shall so decide on that ground alone.

We think it is a matter very proper for legislative action. The judgment below must be affirmed with costs.

A. S. Hartwell for plaintiff.

J. L. Kaulukou for defendant.

Honolulu, June 22, 1882.